## HOLT ET AL. *v.* VIRGINIA.

No. 464. Argued April 27–28, 1965.—Decided May 17, 1965.

*Marvin M. Karpatkin* argued the cause for petitioners. With him on the brief were *Melvin L. Wulf, Joseph A. Jordan* and *Leonard W. Holt.*

*Francis C. Lee* argued the cause for respondent. With him on the brief were *Robert Y. Button,* Attorney General of Virginia, and *D. Gardiner Tyler,* Assistant Attorney General.

MR. JUSTICE BLACK delivered the opinion of the Court.

The petitioners, both of whom are lawyers, were adjudged guilty and each was fined $50 for contempt of court by the Circuit Court of the City of Hopewell, Virginia. The Virginia Supreme Court of Appeals affirmed, rejecting petitioners' contentions that their convictions violated the Due Process Clause of the Fourteenth Amendment. 205 Va. 332, 136 S. E. 2d 809. We granted certiorari. 379 U. S. 957.

The charges against petitioners came about in this way. Petitioner Dawley represented certain defendants in a libel suit pending before Circuit Judge Holladay. The libel case was dismissed by agreement of the parties. After the dismissal Judge Holladay had the court clerk and counsel, including the petitioner Dawley, come into the judge's chambers and there the judge asked Dawley three times if he had had anything to do with making the defendants in the libel case "unavailable to be served with subpoenas." Dawley refused to answer and later, in court, again refused to answer. Judge Holladay then directed the Commonwealth's Attorney to prepare an order directing Dawley to show cause why he should not be punished for contempt. Dawley thereafter filed a motion requesting Judge Holladay to disqualify himself from trying the contempt case. Judge Holladay denied this motion. Dawley then filed a motion for change of venue. Petitioner Holt appeared as counsel representing Dawley and read this motion to the judge as a part of his argument urging a change of venue. It is upon the allega-

tions about Judge Holladay in that motion and the reading of them by Holt that the present convictions for contempt are based.

The motion for change of venue charged, among other things, that because of local prejudice Dawley could not get a fair trial in Hopewell and, crucial to this contempt conviction,

"3. That the said Judge Carlton E. Holladay, who presided as Judge in said libel suit, and who fails and refuses to disqualify himself as Judge in the pending trial of the Defendant, E. A. Dawley, Jr., has, with respect to said contempt action and is now in effect and/or in fact acting as police officer, chief prosecution witness, adverse witness for the defense, grand jury, chief prosecutor and judge.

"4. That in addition to the foregoing, said Judge Carlton E. Holladay did intimidate and harass and is intimidating and harassing the lawyer representing said E. A. Dawley, Jr., viz, Leonard W. Holt, Esq., the effect of which is to seriously hamper the efforts of said Leonard W. Holt in defending the said E. A. Dawley, Jr.; that said harassment and intimidation arises out of and is connected solely with said Leonard W. Holt's participating in the defense of said E. A. Dawley, Jr. in the contempt action; that part of said harassment and intimidation occurred at a hearing of this contempt action in the Hopewell Circuit Court on January 8, 1962, at which hearing the said Carlton E. Holladay revealed that he had been making an independent investigation and inquiry of Mr. Holt's conduct in this contempt defense, and said Judge at said place and time made the statement that he would 'deal with' said Leonard W. Holt after he, the judge, had dealt with said E. A. Dawley, Jr."

After these charges were read to Judge Holladay by Holt, this colloquy took place:

"The Court: On the motion for change of venue, does that apply whether your client would be tried before a jury or before the Court? Does it apply in both cases?

"Mr. Holt: We say it would apply.

"The Court: Apply in both cases.

"At this time I might say that I do not see how that this Court can pass unnoticed the matters and things that have been presented to the Court by Mr. Dawley in a plea filed in the Court and presented here in Court and by Mr. Holt as his counsel and argued in court. I think that the plea is contemptuous, I think the argument is contemptuous.

"At this time both E. A. Dawley, Jr., and Leonard W. Holt are held and adjudged summarily to be in contempt of this Court.

"I will take under advisement the punishment and advise you of it during the day.

"Court will adjourn for lunch.

"Mr. Holt: Please, before the Court adjourns, may we get the specificity on the part of the Court regarding what is considered in the pleading, if anything, contemptuous? I think under the laws of the Commonwealth and United States we are in this position—that if something has been said which is contemptuous, there be elements of intent that should be present, and if the element of intent be present, and there are certain things which flow under it in terms—

"The Court: I don't think that you need any specification or bill of particulars on that. I think that you can read it, Mr. Dawley can read it, and I think it is plain to the people who are in the court-

room that the remarks are contemptuous, and you summarily have been held in contempt of Court.

"And Court stands adjourned at this time for lunch."

Thereafter the judge denied the motion for change of venue and fined each petitioner $50.

The Virginia Supreme Court of Appeals, in affirming, held that the language used in the motion violated Va. Code Ann. § 18.1–292 (1960 Repl. Vol.), which authorizes summary punishment of a person who misbehaves in the presence of the court so as to obstruct justice, or who uses "[v]ile, contemptuous or insulting language" to or about a judge in respect of his official acts.[1] Petitioners contend that their convictions through this application of the state law to them in several respects deny due process of law guaranteed by the Due Process Clause of the Fourteenth Amendment. The view we take regarding one of these contentions makes it unnecessary for us to consider the others.[2]

---

[1] "The courts and judges may issue attachments for contempt, and punish them summarily, only in the cases following:

"(1)   Misbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice; .

"(2)   Violence, or threats of violence, to a judge or officer of the court, or to a juror, witness or party going to, attending or returning from the court, for or in respect of any act or proceeding had or to be had in such court;

"(3)   Vile, contemptuous or insulting language addressed to or published of a judge for or in respect of any act or proceeding had, or to be had, in such court, or like language used in his presence and intended for his hearing for or in respect of such act or proceeding;

"(4)   Misbehavior of an officer of the court in his official character;

"(5)   Disobedience or resistance of an officer of the court, juror, witness or other person to any lawful process, judgment, decree or order of the court." Va. Code Ann. § 18.1–292 (1960 Repl. Vol.).

[2] We neither reach nor consider the questions whether the summary convictions of both Dawley and Holt were invalid because their alleged misconduct did not disturb the court's business or threaten

It is not charged that petitioners here disobeyed any valid court order, talked loudly, acted boisterously, or attempted to prevent the judge or any other officer of the court from carrying on his court duties. Their convictions rest on nothing whatever except allegations made in motions for change of venue and disqualification of Judge Holladay because of alleged bias on his part. It is not claimed, and probably could not seriously be claimed, that petitioners, by filing their motions, violated any duty they owed the court. Dawley had been ordered by the judge to appear to defend himself against a charge of contempt and Holt appeared as his counsel. And it is settled that due process and the Sixth Amendment guarantee a defendant charged with contempt such as this "an opportunity to be heard in his defense—a right to his day in court— . . . and to be represented by counsel." *In re Oliver,* 333 U. S. 257, 273. See also *Gideon* v. *Wainwright,* 372 U. S. 335. The right to be heard must necessarily embody a right to file motions and pleadings essential to present claims and raise relevant issues. See *Willner* v. *Committee on Character and Fitness,* 373 U. S. 96, 105. And since "A fair trial in a fair tribunal is a basic requirement of due process," *In re Murchison,* 349 U. S. 133, 136, it necessarily follows that motions for change of venue to escape a biased tribunal raise constitutional issues both relevant and essential. Cf. *Irvin* v. *Dowd,* 366 U. S. 717, 722; *Tumey* v. *Ohio,* 273 U. S. 510. Consequently, neither Dawley nor his counsel could consistently with due process be convicted for contempt for filing these motions unless it might be thought that there

demoralization of its authority, cf. *In re Oliver,* 333 U. S. 257, 277–278, whether summary conviction of Dawley was invalid because he committed no act in open court, and whether Judge Holladay was so personally embroiled and interested in the controversy that he should not have decided the contempt issue.

is something about the language used which would justify the conviction.

As previously stated, the words used in the motions were plain English, in no way offensive in themselves, and wholly appropriate to charge bias in the community and bias of the presiding judge. The Supreme Court of Appeals of Virginia considered the motion for change of venue "a vehicle to heap insults upon the court, a studied attempt to smear the judge." 205 Va., at 338, 136 S. E. 2d, at 814. But if the charges were "insulting" it was inherent in the issue of bias raised, an issue which we have seen had to be raised, according to the charges, to escape the probability of a constitutionally unfair trial. Virginia apparently contends here that the right to present a defense is not involved in this case either (1) because the motion for change of venue was not in the proper form and not authorized by state law in such circumstances, or (2) because the charges of bias were false. As to the first argument, assuming it could have any relevance where a defendant asserts a federally guaranteed right to a fair trial, the motion for change of venue was duly filed with the clerk, and the trial court without objection set it down for hearing, specifically invited argument on it, and decided the motion on the merits, without any intimation that a motion for change of venue was not proper in these circumstances. Nor can we accept Virginia's apparent contention that the contempt convictions should be sustained on the ground that petitioners' charges of bias were false. The issue of truth or falsity of these charges was not heard, the trial court choosing instead to convict and sentence petitioners for having done nothing more than make the charges. Even if failure to prove their allegations of bias could under any circumstances ever be made part of the basis of a contempt charge against petitioners, these convictions cannot rest on any such unproven assumption.

Our conclusion is that these petitioners have been punished by Virginia for doing nothing more than exercising the constitutional right of an accused and his counsel in contempt cases such as this to defend against the charges made. The judgment of conviction is reversed and the cause is remanded to the Supreme Court of Appeals of Virginia for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

MR. JUSTICE HARLAN, dissenting.

The Virginia Supreme Court of Appeals has in effect held that the manner in which petitioners presented their motion for a change of venue violated professional standards governing members of the Virginia Bar. This Court now sets aside the trivial disciplinary penalty imposed simply because in its view petitioners' conduct was not out of bounds. Believing that any differences over the professional propriety of petitioners' actions involve nothing of constitutional proportions, I would affirm the judgment of the Virginia Supreme Court of Appeals.*

---

*I do not think that any of the other contentions not reached by this Court can be said, on this record, to present a substantial federal question (*ante,* pp. 135–136, n. 2).