THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, *v.* ROBERT
KUELPER, Defendant.—(CLIFFORD C. JOHNSON, Contemnor-Appellant.)

First District (4th Division)   No. 63058

Opinion filed February 17, 1977.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and James S. Veldman, Assistant State's Attorneys, of counsel), for appellant.

Mr. JUSTICE ROMITI delivered the opinion of the court:

On October 1, 1975, an order was entered in the circuit court of Cook County, Sixth Municipal District, adjudging Assistant State's Attorney Clifford Johnson (Contemnor) to be in direct contempt of court arising out of his refusal to conduct a preliminary hearing after the trial judge had ordered him to so do. Contemnor appeals contending the contempt order cannot be allowed to stand because the position he took was legally correct and that his conduct was one of advocacy only and not calculated to disrupt the court or to call its proceedings in any sort of disrepute.

The pertinent facts are: On July 16, 1975, a complaint for preliminary examination was filed against one Robert Kuelper charging him with possession of burglary tools and theft. The case was set for preliminary examination on July 22, 1975. On that date the defendant sought and was granted a continuance to September 9, 1975. When the case was called on September 9, 1975, contemnor informed the court that in the interim between July 22, 1975, and September 9, 1975, the case had been taken before the grand jury which had returned an indictment charging the defendant with the same offenses as those contained in the complaint before the court. Contemnor argued that a prompt determination of probable cause having been made, the complaint before the court had been superseded by the indictment and that therefore a preliminary examination was neither necessary nor proper.

Counsel for defendant objected. Extended arguments were heard on September 9, 1975, on September 18, 1975, and again on September 25, 1975, during which contemnor moved to dismiss the complaint. The motion was denied. Arguments were again heard on October 1, 1975, at which time an Assistant Attorney General of the State of Illinois also appeared and moved the court for an order of nolle prosequi. The court denied the motion and entered the contempt order from which this appeal is taken.

## I.

It is abundantly clear that the sole basis for the contempt order was the alleged refusal of contemnor to proceed with a preliminary examination.

There is nothing in the record before us which suggests that contemnor was in any way disrespectful or abusive in his conduct towards the court. Indeed, the judge expressly acknowledged this in his specific findings.

"The court further finds that the contempt of Clifford Johnson is not a contempt based upon demeanor or lack of respect shown to

the court by Clifford Johnson, but is a contempt based upon the attempt of Clifford Johnson to vindicate his position on behalf of the State of Illinois that this court has no authority to grant Robert Kuelper a preliminary hearing."

■■ We believe the law applicable to the case at bar was clearly and succinctly summarized in *People v. Toomin* (1974), 18 Ill. App. 3d 824, 826, 310 N.E.2d 767, when the court stated:

"To sustain on appeal a finding of direct contempt of court, it must be shown that the particular conduct was calculated to embarrass, hinder, or obstruct the court in the administration of justice, or to lessen its authority or dignity, or to bring the administration of law into disrepute. (*People v. Miller* (1972), 51 Ill. 2d 76, 281 N.E.2d 292.) The party seeking to uphold the contempt order bears the burden of showing that the court was warranted in exercising its power. (*People v. Tavernier* (1943), 384 Ill. 388, 51 N.E.2d 528.) It should also be borne in mind that a court must exercise its power in direct contempt proceedings prudently and judiciously because normal constitutional safeguards are not applicable. (*People v. Loughran* (1954), 2 Ill. 2d 258, 118 N.E.2d 310.)"

## II.

■■ We agree with contemnor's contention that the position he took was conceptually legally correct. Article I, section 7 of the 1970 Constitution of the State of Illinois states in pertinent part:

"* * * No person shall be held to answer for a crime punishable by death or by imprisonment in the penitentiary unless either the initial charge has been brought by indictment of a grand jury or the person has been given a prompt preliminary hearing to establish probable cause."

Our supreme court has interpreted this provision as guaranteeing a prompt determination of probable cause either by means of a preliminary hearing or by grand jury indictment. (*People v. Howell* (1975), 60 Ill. 2d 117, 324 N.E.2d 403; *People v. Hendrix* (1973), 54 Ill. 2d 165, 295 N.E.2d 724.) In two recent cases this court has specifically held that even where the charge was not initially brought by indictment of a grand jury, when such an indictment was later brought, probable cause had been determined and thus no preliminary hearing was required. Thus in *People v. Moore* (1975), 28 Ill. App. 3d 1085, 329 N.E.2d 893, the defendant was initially charged by an information, but was subsequently indicted by a grand jury for the same charge. At the preliminary hearing the State did not present any evidence of probable cause, maintaining that the indictment fulfilled that requirement. On defendant's motion the trial

court dismissed the indictment, and the State appealed. This court reversed and remanded, reasoning that: "Since the sole purpose of a preliminary hearing is to determine probable cause, which has already been determined, a post-indictment preliminary hearing would be an empty formality serving no legitimate purpose." In *People v. Arbogast* (1976), 41 Ill. App. 3d 187, 353 N.E.2d 434, defendant was arraigned pursuant to a criminal complaint, but his preliminary hearing was cancelled when a grand jury indictment for the same charge was returned prior to the hearing date. Defendant was subsequently convicted and appealed, alleging, in part, that the trial court erred in denying him a preliminary hearing. This court found that defendant had waived this argument, but went on to state that "In any event, a defendant is not entitled to a preliminary hearing as a right but to a probable cause determination made either in a preliminary hearing or by a grand jury with reasonable promptness."

It is clear, then, that in the case at bar a preliminary hearing would serve no legitimate purpose since probable cause had already been established by the grand jury. It is difficult to see how a refusal to proceed with a preliminary hearing under these circumstances would be construed as a direct contempt of court as defined in *Toomin.*

But let us go further and assume, arguendo, that contemnor's position was not a legally correct one. It is equally difficult to perceive how an attorney who in good faith is representing his client's interests, and while so doing comports himself in a proper and respectful, albeit forceful, manner toward the court can be deemed to be in contempt. A stand taken by counsel in good faith and in the interests of his client should not ordinarily serve as a basis for a charge of contempt. (*In re McConnell* (1962), 370 U.S. 230, 8 L. Ed. 2d 434, 82 S. Ct. 1288; *Holt v. Virginia* (1965), 381 U.S. 131, 14 L. Ed. 2d 290, 85 S. Ct. 1375; *People v. Miller* (1972), 51 Ill. 2d 76, 281 N.E.2d 292.) As Mr. Justice Black so aptly stated in *McConnell*:

> "* * * it is also essential to a fair administration of justice that lawyers be able to make honest good-faith efforts to present their clients' cases. An independent judiciary and a vigorous, independent bar are both indispensable parts of our system of justice. * * *."

### III.

We again note that on September 18, 1975, contemnor, after informing the court of the intervening indictment, moved the court to enter a nolle prosequi and that on October 1, 1975, an Assistant Attorney General of the State of Illinois appeared before the court with contemnor and also moved unsuccessfully to nol-pros the same complaint.

With respect to the Attorney General's right and authority to nol-pros, the Illinois Supreme Court stated in *People ex rel. Castle v. Daniels* (1956), 8 Ill. 2d 43, 47, 132 N.E.2d 507:

> "The Attorney General, whose office is created by the Illinois constitution * * * is the chief law officer of the State and has those powers which resided in the Attorney General at common law. His office is a part of the executive department, and neither the legislature nor the courts can deprive him of his constitutionally granted authority. See *People ex rel. Elliott v. Covelli*, 415 Ill. 79.
>
> Among the powers of the Attorney General at common law was the right to nol-pros an indictment at all stages of a criminal prosecution before the jury was impanelled or before the trial of the case, except that the actions could not be capriciously or vexatiously repetitious."

■■ It must be obvious that what the court said in *Daniels* concerning indictments must be equally true of complaints—especially in the case at bar after an indictment charging the same offenses had been returned.

■■ We appreciate the trial court's concern over what appeared to be an uncooperative prosecutor. However, we conclude that confronted with the fact that there had already been a determination of probable cause by a grand jury; given the further fact that both State's Attorney and Attorney General, after advising the court of the grand jury action, moved for an order of nolle prosequi; and, most importantly, given the conceded fact that at no time was contemnor in anyway disrespectful of the court, the trial judge erred in finding contemnor's conduct contemptuous. That order and finding is therefore reversed.

Reversed.

DIERINGER, P. J. and LINN, J., concur.