711 N.E.2d 460 (1999)
305 Ill. App.3d 28
238 Ill.Dec. 357
In re MARRIAGE OF Roger E. BARTLETT, Petitioner, and
Dorothy J. Bartlett, Respondent (Michael D. Canulli, Contemnor-Appellant
v.
The People of the State of Illinois, Appellee).
Nos. 2-98-0277, 2-98-0278.
Appellate Court of Illinois, Second District.
May 21, 1999.
*461 Michael D. Canulli, Oak Brook, for Michael D. Canulli.
Joseph E. Birkett, DuPage County State's Attorney, Wheaton, Martin P. Moltz, Deputy Director, State's Attorneys Appellate Prosecutor, Elgin, Robert E. Davison, DePaepe & Davison, Springfield, for the People in No. 2-98-0277.
John Panegasser, Caluwaert & Panegasser, Elmhurst, for Dorothy J. Bartlett and Roger E. Bartlett in No. 2-98-0277.
Joseph E. Birkett, DuPage County State's Attorney, Wheaton, for the People in No. 2-98-0278.
John Panegasser, Caluwaert & Panegasser, Elmhurst, for Dorothy J. Bartlett in No. 2-98-0278.
Justice COLWELL delivered the opinion of the court:
Contemnor, Michael D. Canulli, a licensed attorney representing respondent Dorothy J. Bartlett, appeals from an order of the circuit court of Du Page County summarily finding him in direct criminal contempt of court and imposing a $500 fine. We reverse.
*462 On January 22, 1998, contemnor filed a motion to continue the February 13, 1998, trial date in this matter. On February 3, 1998, contemnor filed a supplement to his January 22, 1998, motion. The supplement concerned contemnor's theory on petitioner's alleged dissipation of assets and requested that the court order petitioner to produce certain documents and to instruct that the report of his individual retirement account (IRA) be updated. The supplement also requested that depositions be set after the production was completed.
The trial court held a contested hearing on February 3, 1998. During that hearing, contemnor began to discuss the supplement to his motion when opposing counsel objected because he had received a copy of the supplement just the previous day. The trial court then addressed contemnor's dissipation theory in the supplement and made findings and rulings regarding that theory. After a short exchange with contemnor, the court then commented that the supplement was not properly filed.
Contemnor then began to speak and was interrupted by opposing counsel, who again objected, stating that contemnor was arguing his motion. The following exchange then occurred:
"MR. CANULLI (the contemnor): Let me justlet me just finish.
THE COURT: I have already made my ruling on that issue.
MR. CANULLI: I understand.
THE COURT: That's all. That [sic] all. You can't keep arguing after a Court has made a ruling. Proper procedure is somebody to argue, hear responses. I disagree with you. We're done with the issue. You can preserve it at the time of trial, if you wish. I don't think that it's an issue at the trial. I'm holding it's not an issue. That's my ruling. It will be binding on the trial. I don't think there is a legal basis, I've said that enough now.
So, thank you, you gentlemen are done. You're done. Step away. When the court makes a ruling, you are required to step away.
MR. CANULLI: I'm not arguing with your ruling, Judge.
THE COURT: No, you can file any written papers that you wish, that I will consider, but we're done now.
MR. CANULLI: There's a second part of the motion.
THE COURT: Counsel. Counsel, I've denied it.
Thank you.
DEPUTY DE TRAY: You need to step away.
THE COURT: I've denied it, counsel.
You need to step away.
MR. CANULLI: I'm not arguing.
THE COURT: I'm ordering you. I'm ordering you to step away now. I've asked you three times.
DEPUTY DE TRAY: The judge asked you to step away, so please step away.
THE COURT: If you do not want to step away now, then I'm going to hold you in contempt of court because you are still standing here.
Turn and walk away by my order.
DEPUTY DE TRAY: Okay, I'm calling
THE COURT: Counsel, I'm finding you in direct criminal contempt of court.
MR. CANULLI: I'm getting my things.
THE COURT: I'm fining you $500 to be paid within seven days.
MR. CANULLI: I'm getting my things, your Honor, to walk away from the bench.
THE COURT: Seven days. Seven days. Seven days. Seven days to pay. I'm finding you in direct criminal contempt of court.
* * *
MR. CANULLI: Judge, may I make a record?
THE COURT: No, you can't. You're done. If you don't want to step away again, then I'm going to find [sic] you on a second contempt of court and consider further sanctions."
A February 3, 1998, order granted the motion for a new trial and the request to continue *463 the deposition dates but did not address contemnor's other requests for relief. On February 24, 1998, the trial court granted contemnor's other requested relief after he presented another motion. The trial court also denied contemnor's motion to reconsider the contempt finding, and contemnor appeals.
Criminal contempt is conduct that is directed against the dignity and authority of the court. In re Marriage of Ruchala, 208 Ill.App.3d 971, 977, 153 Ill.Dec. 767, 567 N.E.2d 725 (1991). The contempt is committed in the physical presence of the judge or within an integral part of the court while the court is performing its judicial functions. People v. Bell, 276 Ill.App.3d 939, 944, 213 Ill.Dec. 351, 658 N.E.2d 1372 (1995). Direct contempt arises from conduct that occurs in the presence of the judge. Ruchala, 208 Ill.App.3d at 977, 153 Ill.Dec. 767, 567 N.E.2d 725.
To sustain a finding of direct criminal contempt of court, it must be shown that the particular conduct was calculated to embarrass, hinder, or obstruct a court in its administration of justice, to derogate from its authority or dignity, or bring the administration of law into disrepute. People v. Siegel, 94 Ill.2d 167, 171, 68 Ill.Dec. 118, 445 N.E.2d 762 (1983). In determining whether direct criminal contempt has occurred, the reviewing court may consider provocation by the trial court and erroneous trial court rulings that may have triggered the contemnor's comments. Bell, 276 Ill.App.3d at 944-45, 213 Ill.Dec. 351, 658 N.E.2d 1372. Although provocation is not a defense, the circumstances of the underlying proceedings may be weighed to determine whether the offense was proved beyond a reasonable doubt. Bell, 276 Ill.App.3d at 945, 213 Ill.Dec. 351, 658 N.E.2d 1372.
Both elements of criminal contempt, an intent and an act, must be proved beyond a reasonable doubt. People v. Coulter, 228 Ill.App.3d 1014, 1020, 171 Ill.Dec. 637, 594 N.E.2d 1157 (1992). Intent in criminal contempt cases has been defined as a voluntary act by one who knows or who should reasonably know that the act is wrongful. Coulter, 228 Ill.App.3d at 1020, 171 Ill.Dec. 637, 594 N.E.2d 1157. The intent to commit contempt of court may be inferred from the contemnor's actions, although a finding of contempt will not stand where it is shown that the attorney acted in good faith to serve his or her client and the court. Siegel, 94 Ill.2d at 171, 68 Ill.Dec. 118, 445 N.E.2d 762. If the contemnor can show that his or her conduct was a good-faith attempt to represent his or her client without hindering the court's functions or dignity, a finding of direct criminal contempt should be reversed upon review. Coulter, 228 Ill. App.3d at 1020-21, 171 Ill.Dec. 637, 594 N.E.2d 1157.
After reviewing the record in this case in light of these principles, we conclude that the record does not support the trial court's finding of direct criminal contempt. We do not believe that contemnor intended to embarrass the court or interfere with the court's proceedings. Indeed, during its ruling on the motion for reconsideration, the trial court expressly acknowledged that contemnor's tone of voice was not disrespectful. See People v. Hanna, 37 Ill.App.3d 98, 99, 345 N.E.2d 179 (1976)(reversing judgment of contempt where there was no indication that the contemnor's words were made in a loud or boisterous manner). On the contrary, we believe that contemnor was acting in good faith in an attempt to act as an advocate for his client. See People v. Kuelper, 46 Ill. App.3d 420, 423, 5 Ill.Dec. 29, 361 N.E.2d 29 (1977)(reversing judgment of contempt, stating that even assuming that the contemnor's legal position was incorrect an attorney should be able to act in good faith in a proper and respectful manner to represent a client's interests without being held in contempt). Contemnor was properly attempting to obtain a ruling on the remaining requests for relief in his motion, but the trial court would not allow him to explain his intentions. See Bell, 276 Ill.App.3d at 945, 213 Ill.Dec. 351, 658 N.E.2d 1372 (reviewing court may consider provocation by the trial court and erroneous trial court rulings). In fact, the trial court later granted the requested relief when it was presented again. Furthermore, the trial court immediately found contemnor in contempt after giving him his first and only *464 warning without providing time for contemnor to comply.
Based on the foregoing, we reverse the order of the circuit court of Du Page County finding contemnor in direct criminal contempt of court.
Reversed.
GEIGER and THOMAS, JJ., concur.