FILED
United States Court of Appeals
Tenth Circuit

June 29, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

JUAN ANTONIO VAZQUEZ,

       Defendant - Appellant.

No. 14-4125
(D.C. Nos. 2:10-CV-00993-TC and
2:06-CR-00196-TC-1)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

Pro se[1] prisoner Juan Antonio Vazquez seeks a certificate of appealability

("COA") to appeal from the district court's denial of a motion he filed under

Federal Rule of Civil Procedure 60(b)(4).  In that motion, Mr. Vazquez sought to

vacate the district court's December 2010 denial of his petition for habeas corpus

---

[*]       After examining the briefs and appellate record, this panel has decided unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]       Because Mr. Vazquez appears pro se, we afford his filings a liberal construction.  *See Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

pursuant to 28 U.S.C. § 2255, arguing that the district court violated his federal due process rights by denying him leave to file an additional memorandum in support of his petition. Additionally, Mr. Vazquez seeks leave to proceed *in forma pauperis* ("IFP").

A panel of this court has already addressed Mr. Vazquez's due process argument in the context of a second § 2255 petition he filed in 2011. *See In re Vazquez*, No. 11-4023 (10th Cir. Order, filed Apr. 4, 2011). Based on our resolution of the issue in that order, we construe Mr. Vazquez's ostensible Rule 60(b)(4) motion as a successive § 2255 petition. So construed, the district court did not have jurisdiction to rule on the motion absent authorization from our court; we thus **vacate** the district court's order. We proceed to **deny** Mr. Vazquez authorization to pursue his due process claim in a successive § 2255 petition, and **deny** him leave to proceed IFP.

## I

Mr. Vazquez was convicted in 2007 of possession of methamphetamine with intent to distribute. *See United States v. Vazquez*, 555 F.3d 923, 925 (10th Cir. 2009). We affirmed his conviction on direct appeal. *See id.* at 931.

He filed an initial § 2255 motion in October 2010, raising claims of prosecutorial misconduct and ineffective assistance of counsel. Along with his petition, he submitted, *inter alia*, a "motion for leave of court to file a lengthy memorandum in support of his petition," R., Vol. I, at 97 (Mot. to File Lengthy

2

Mem., filed Oct. 6, 2010) (capitalization altered), urging that such a memorandum was necessary to present the results of his independent investigation and to "explain the materiality of its results" with respect to his legal claims, *id.* at 98. He also submitted various affidavits in support of his motion. The district court denied his petition in December 2010. In doing so, it concluded that, "[h]aving carefully reviewed the materials, including Mr. Vazquez's 52-page affidavit detailing the results of his investigation, and his supplemental affidavit . . . an additional memorandum would not change its analysis." *Id.* at 232 (Order, filed Dec. 28, 2010). It therefore denied his motion for leave to file an additional memorandum. A panel of this court subsequently denied Mr. Vazquez's application for a COA. *See United States v. Vazquez*, 430 F. App'x 741, 741 (10th Cir. 2011).

After the district court denied his first § 2255 motion, Mr. Vazquez filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). Mr. Vazquez alleged, in his "statement of the issues," that "[t]he order denying [his] § 2255 [petition] without the consideration of his memoranda of points and authorities[] violated his due process rights." R., Vol. I, at 235 (Mot. to Alter or Amend J., filed Jan. 18, 2011) (capitalization altered); *see also id.* at 248 (citing *Holt v. Virginia*, 381 U.S. 131 (1965), and arguing that the district court "denied Plaintiff's due process right to submit his memoranda of points and authorities in support of his § 2255" petition). The district court

3

determined that Mr. Vazquez's Rule 59(e) motion constituted a second § 2255 petition, and, because it did not have jurisdiction to entertain a second § 2255 petition absent authorization from this court, *see* 28 U.S.C. §§ 2244(b)(3), 2255(h); *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002), the district court transferred the motion to us to give Mr. Vazquez an opportunity to seek the required authorization. *See Vazquez v. United States*, No. 2:11-CV-00136-TC (D. Utah Feb. 3, 2011) (order transferring the case to the Tenth Circuit Court of Appeals).

Before our court, Mr. Vazquez filed a motion to remand, arguing that the district court erred in characterizing his Rule 59(e) motion as a successive § 2255 petition. However, a panel of our court determined that the motion was, in substance, a § 2255 motion subject to the authorization requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Vazquez*, order at 5 (10th Cir. Apr. 4, 2011). As relevant here, the panel stated that the district court's denial of Mr. Vazquez's motion to file an additional memorandum did not "preclude a merits determination" and, in fact, was "inextricably linked to [the court's] merits determination." *Id.* at 4–5. Thus, because the "Rule 59(e) motion challenge[d] the substance of the district court's resolution of [Mr. Vazquez's] § 2255 claim on the merits . . . , [it] present[ed] second or successive habeas claims requiring authorization." *Id.* at 5. The panel declined to grant authorization and instead denied the motion to remand and terminated the matter.

4

Three years later, Mr. Vazquez filed the present Rule 60(b)(4) motion to set aside the district court's denial of his first § 2255 petition.[2]  In this motion, Mr. Vazquez again argued that the district court violated his due process rights by denying his habeas claim without allowing him to file an additional memorandum. This right, he claimed, was grounded in *Holt*, where the Supreme Court held that "[t]he right to be heard must necessarily embody a right to file motions and pleadings essential to present claims and raise relevant issues."  381 U.S. at 136. He further claimed that this right was not adequately protected under the framework of *Mathews v. Eldridge*, 424 U.S. 319 (1976).

In a one-page order, the district court denied Mr. Vazquez's Rule 60(b) motion, stating that "Mr. Vazquez's appeal and petition for habeas corpus were previously denied and the court denies the present motion for the same reasons." R., Vol. I, at 311 (Order, filed Aug. 12, 2014).  It also denied him leave to proceed IFP, concluding that his "case lacks merit."  *Id.* at 318 (Order, filed Nov. 19, 2014).  Mr. Vazquez now seeks a COA to appeal from the district court's decision.

## II

### A

---

[2]      Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" if, *inter alia*, "the judgment is void."

5

The threshold question in this case is whether Mr. Vazquez's motion is, in fact, a Rule 60(b) motion, or whether it is more accurately characterized as a successive § 2255 petition. As we explained in *Spitznas v. Boone*, 464 F.3d 1213 (10th Cir. 2006), a filing pursuant to Rule 60(b) is a "true" Rule 60(b) motion—and not a successive § 2255 petition[3]—

> if it either (1) challenges only a procedural ruling of the habeas court *which precluded a merits determination of the habeas application*; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge *does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition*.

464 F.3d at 1216 (emphases added) (citations omitted) (citing *Gonzales v. Crosby*, 545 U.S. 524, 532 & n.4 (2005)); *see also In re Pickard*, 681 F.3d 1201, 1206 (10th Cir. 2012) ("[A] Rule 60(b) motion is actually a second-or-successive petition if the success of the motion depends on a determination that the court had incorrectly ruled on the merits in the habeas proceeding.").

At the outset of our analysis, we recognize that a panel of this court has *already* found Mr. Vazquez's due process claim to be intertwined with the district court's merits decision—i.e., the panel held that it was a successive habeas claim. *See Vazquez*, order at 4–5 (10th Cir. Apr. 4, 2011) (concluding that the district court's denial of leave to file an additional memorandum "did not . . . preclude a

---

[3] Although *Spitznas* involved the interplay between 28 U.S.C. § 2254 and Rule 60(b), we have extended its analysis to successive motions filed under § 2255 as well. *See United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006).

6

merits determination" and was "inextricably linked to [the court's] merits determination"). Thus, under the law of the case doctrine, we reach the same conclusion with respect to his Rule 60(b) motion—*viz.*, that it is not a "true" Rule 60(b) motion, but instead raises a successive § 2255 claim.[4] *See Arizona v. California*, 460 U.S. 605, 618 (1983) (stating that the law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case"); *accord McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1034 & n.1 (10th Cir. 2000); *see also Pedraza*, 466 F.3d at 933–34 (concluding, where the court had previously considered an issue in a Rule 60(b) motion and determined it to be a successive § 2255 claim, that the identical issue raised in a subsequent Rule 59(e) motion was also a successive § 2255 claim).

Even if we were to consider Mr. Vazquez's due process argument anew, we would still conclude that it constitutes a successive § 2255 claim. Our decision in *In re Lindsey*, 582 F.3d 1173 (10th Cir. 2009), is particularly apposite. There, the appellant filed a Rule 60(b) motion claiming that the district court erred by denying his § 2255 petition without an evidentiary hearing. In denying the underlying petition, the district court had specifically concluded that an

---

[4] While the panel in *In re Vazquez* was considering an ostensible Rule 59(e) motion, we have stated that Rule 59(e) motions "are subject to the same characterization" as Rule 60(b) motions. *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006).

evidentiary hearing was not required because "the record 'conclusively show[ed] that [the] defendant [was] not entitled to relief on his claims.'" 582 F.3d at 1174 (citation omitted). On appeal, we determined that the Rule 60(b) motion raised a successive § 2255 claim. Specifically, we found that the appellant's motion led "inextricably to a merits-based attack on the dismissal of the § 2255 motion" because "[t]he decision not to hold an evidentiary hearing essentially [was] the equivalent of a dismissal for failure to state a claim or a summary judgment"—in effect, "the district court . . . concluded that the record d[id] not entitle the prisoner to relief." *Id.* at 1175.

Similarly, in denying Mr. Vazquez's motion to file an additional memorandum—which he claimed was necessary to explain the results of his investigation—the district court in this case explicitly stated that it had considered his affidavits detailing the results of the investigation and had concluded that an additional memorandum would not alter its merits analysis. Thus, to challenge the district court's denial of the motion would, in effect, constitute "a merits-based attack on the disposition of [the] prior habeas petition." *Spitznas*, 464 F.3d at 1216.

Because Mr. Vazquez's Rule 60(b) motion, in substance, raises a successive § 2255 claim, the district court did not have jurisdiction to rule on the motion without authorization from this court. *See Torres*, 282 F.3d at 1246. Thus, the proper course where, as here, "the district court . . . incorrectly treated a

8

second or successive petition as a true Rule 60(b) motion and denied it on the merits" ordinarily is to "vacate the district court's order for lack of jurisdiction and construe the petitioner's appeal as an application to file a second or successive petition." *Spitznas*, 464 F.3d at 1219; *accord Pedraza*, 466 F.3d at 934.

**B**

Mr. Vazquez may obtain authorization to file a second or successive § 2255 petition if he can demonstrate:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *accord In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008).

A panel of this court has previously declined to grant authorization for Mr. Vazquez to pursue his due process claim. *See Vazquez*, order at 4–5 (10th Cir. Apr. 4, 2011) (determining that Mr. Vazquez's Rule 59(e) motion "present[ed] second or successive habeas claims requiring authorization" but terminating the matter without granting the necessary authorization). Although Mr. Vazquez's current motion more fully develops his due process argument—for example, by discussing the *Mathews v. Eldridge* balancing test rather than merely asserting that he has a due process right under *Holt*—his motion does not meet the

9

requirements of § 2255(h).  That is, he points to neither "newly discovered evidence" nor "a new rule of constitutional law" to justify authorization.  As such, we "see no reason to depart from our earlier decision denying authorization."  *Pedraza*, 466 F.3d at 934.

## C

Finally, in order to proceed IFP on appeal, Mr. Vazquez must "demonstrate 'a financial inability to pay the required [filing] fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.'"  *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (alteration in original) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)).  Given that we have already determined that Mr. Vazquez's due process claim is a successive habeas claim and have previously denied him authorization to pursue it, we do not deem his argument to be reasoned or nonfrivolous, and we therefore deny him leave to proceed IFP.

## III

In sum, we construe Mr. Vazquez's Rule 60(b) motion as a successive § 2255 petition, **VACATE** the district court's denial of the motion because the

court lacked jurisdiction to take that action, **DENY** Mr. Vazquez authorization to file a successive § 2255 claim, and **DENY** his motion to proceed IFP.

Entered for the Court

JEROME A. HOLMES
Circuit Judge