10-609-cv
Koehl v. Greene

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of June, two thousand eleven.

PRESENT:  JON O. NEWMAN,
　　　　　ROGER J. MINER,
　　　　　GERARD E. LYNCH,
　　　　　　　*Circuit Judges*.

_____

EDWARD KOEHL,

　　　　　　　　　*Plaintiff-Appellant*,

　　　　v.　　　　　　　　　　　　　　　　No. 10-609-cv

GARY GREENE, SUPERINTENDENT, ET AL.,

　　　　　　　　　*Defendants-Appellees*.

_____

FOR APPELLANT:　　　Edward Koehl, *pro se*, Auburn, New York.

FOR APPELLEES:　　　Barbara D. Underwood, Solicitor General (Andrea Oser & Martin A. Hotvet, Assistant Solicitors General, *on the brief*) *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Judge Joseph M. Hood of the United States District Court for the Eastern District of Kentucky, sitting by designation).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Edward Koehl, *pro se*, appeals from a February 16, 2010 judgment of the district court dismissing his complaint, which was brought under 42 U.S.C. § 1983, as a sanction for repeatedly filing documents with the court that contained derogatory and offensive statements regarding the presiding magistrate judge and opposing counsel. We assume the parties' familiarity with the facts and procedural history of the case.

The district court "has the inherent power to supervise and control its own proceedings and to sanction . . . a litigant for bad-faith conduct or for disobeying the court's orders." Mickle v. Morin, 297 F.3d 114, 125 (2d Cir. 2002). Among the sanctions available to the district court is the power to dismiss the lawsuit entirely. Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991). We review a district court's decision to impose sanctions under its inherent powers for abuse of discretion. United States v. Seltzer, 227 F.3d 36, 39 (2d Cir. 2000). We have warned, however, that "dismissal with prejudice is a harsh remedy to be used only in extreme situations," Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990), and then only when the district court's decision is supported by "clear evidence" of misconduct and "a high degree of specificity in the factual findings," Mickle, 297 F.3d at 126 (internal quotation marks omitted).

2

The district court did not abuse its discretion in concluding that dismissal of the action was warranted as a sanction in light of Koehl's flagrant violation of the court's repeated orders to respect the dignity of the judicial proceeding. While discovery in this case was progressing, Koehl accused the district court in two separate letters of conspiring with the government to violate his constitutional rights and described the magistrate judge's refusal to assign him counsel as "twisted," "biased," and "straight from the Fascist Handbook." The magistrate judge issued an order informing Koehl that "such language is never tolerable" and warning him that "future abusiveness" could result in sanctions. Koehl nevertheless proceeded to file submissions in which he described the magistrate judge as "nothing more than a cheap, corrupt thug" and a "corrupt, stinking scumbag." Consistent with his prior warning, the magistrate judge entered an order of sanctions that closed the discovery period and directed the clerk of court to strike any future submissions that contained offensive language. Undeterred, Koehl then filed another document in which he accused the magistrate judge of "lying to hide his nefarious motives," of applauding "when plans were made to crash into our buildings," and of being "a judicial terrorist who is part communist and part fascist."

The record therefore clearly supports the district court's finding that Koehl's conduct warranted sanctions. The fact that Koehl was representing himself in this matter does not relieve him of his obligation to respect the dignity of the proceeding and to comply with the orders of the district court. Courts can adjudicate disputes only when the parties present reasoned arguments rather than invective-laden

3

diatribes. "[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." McDonald v. Head Criminal Ct. Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988).

The district court also appropriately concluded that dismissal was necessary given that lesser sanctions had been ineffective in compelling Koehl to comply with the court's orders. See S. New Eng. Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) (A dismissal sanction "is a drastic remedy generally to be used only when the district judge has considered lesser alternatives.") The record reveals that Koehl filed at least five submissions that contained insulting or inappropriate language following the magistrate judge's initial warning of future sanctions and at least two additional submissions containing such language following the magistrate judge's imposition of the strike order. Furthermore, the district court's finding that a monetary fine would not be an effective sanction was justified in light of Koehl's own defiant proclamation that he was indifferent to a fine because, as a prisoner, he earned only $2.25 per week.

Koehl also had ample notice that the court was considering imposing sanctions and was given the opportunity to challenge the magistrate judge's recommendation that the action be dismissed. See Iwachiw v. N.Y. State Dep't of Motor Vehicles, 396 F.3d 525, 529 (2d Cir. 2005) (requiring notice and the opportunity to he heard prior to

4

the imposition of sanctions). Rather than attempt to explain his inappropriate statements, however, Koehl devoted his opposition papers to further allegations of bias and corruption on the part of the magistrate judge.

Finally, we see no reason to question the district court's judgment that Koehl's medical evidence did not warrant reconsideration of the dismissal sanction. Although Koehl no doubt suffers from serious medical ailments, he has failed to establish that these conditions were responsible for the abusive language in his court filings.

We have considered Koehl's remaining claims on appeal and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk