12-3855-cv
*Koehl v. Bernstein*


UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT


August Term, 2013


(Submitted: September 23, 2013     Decided: January 23, 2014)


Docket No. 12-3855-cv


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


EDWARD KOEHL,

            *Plaintiff-Appellant*,


v.


DR. FREDICK BERNSTEIN, MEDICAL DIRECTOR, M.D., WILLIAM LEE,
WARDEN GREENHAVEN C.F., ROBERT E. ERCOLE, FORMER WARDEN
GREENHAVEN C.F., RICHARD CUNNINGHAM, DEPUTY
SUPERINTENDENT GREENHAVEN C.F., ANDREA EVANS, CHAIRWOMAN,
DIVISION OF PAROLE, FRANCIS HERMAN, DIRECTOR, EXECUTIVE
CLEMENCY BUREAU DIVISION OF PAROLE, LESTER EDWARDS,
SECRETARY TO THE CHAIRWOMAN DIVISION OF PAROLE, TERRENCE X.
TRACY, CHIEF ATTORNEY DIVISION OF PAROLE, ANDREW HARVEY,
COMMISIONER'S HEARING OFFICER, I. RUSSO, DOCS, ASSISTANT
INSPECTOR GENERAL, JOSEPH BRENNAN, CHAIRMAN, COMMITTEE ON
PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, R.
HILLIAR, DOCS IGP SUPERVISOR, D. SAWYER, DOCS LIEUTENANT,
HEARING OFFICER, BRIAN FISCHER, COMMISSIONER OF DOCS, LESTER
WRIGHT, DOCS, CHIEF MEDICAL, STATE OF NEW YORK, DR. STEVEN

1

WEINSTEIN, M.D.,

*Defendant-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Before:  LEVAL, HALL, LOHIER, *Circuit Judges*.

Plaintiff *pro se* Edward Koehl appeals from a sanction imposed by the United States District Court for the Southern District of New York (Stein, *J.*) dismissing his suit with prejudice by reason of his abusive attacks, slurs, and insults directed at the magistrate judge to whom the case was referred. **AFFIRMED**.

Edward Koehl, *pro se*, Stormville, NY.

Barbara D. Underwood, Solicitor General, Steven C. Wu, Special Counsel, Mark H. Shawhan, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY *for Appellees*.

PER CURIAM:

Plaintiff *pro se* Edward Koehl appeals from the judgment of the United States District Court for the Southern District of New York (Stein, *J.*) dismissing his suit with prejudice. Koehl, a prisoner serving a New York State sentence, brought this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights by failing to provide him with necessary

medical treatment during his incarceration at Green Haven Correctional Facility and by punishing him for his efforts to secure such treatment. The district judge, acting pursuant to 28 U.S.C. § 636(b)(1), designated Magistrate Judge Gabriel Gorenstein for general pretrial matters and to report and recommend on the disposition of Defendants' motion to dismiss. The district court eventually dismissed the suit with prejudice, adopting the Magistrate Judge's report and recommendation, as a sanction for Koehl's repeated use of abusive, insulting language directed at the Magistrate Judge.

During the course of the litigation, Koehl submitted a series of letters to the court, accusing the Magistrate Judge of harboring bias against Koehl. In addition to the accusations of bias, the letters were filled with abusive language, insults, and attacks on the Magistrate Judge's character, fitness for his judicial responsibilities, and religion.

On January 27, 2012, the Magistrate Judge ordered Koehl to cease his "intemperate attack[s]" and warned Koehl that continuation of the conduct could result in a sanction, which might include dismissal of the case. Koehl nonetheless

continued his abusive and insulting submissions.[1]

On April 26, 2012, the Magistrate Judge ordered Koehl to show cause why the action should not be dismissed, or Koehl be otherwise sanctioned, for his continued abusive language. Koehl's submission in response to the order to show cause contained further insult and abuse.[2]

On June 13, 2012, the Magistrate Judge submitted a report and recommendation to the district court, recommending, based on the Magistrate Judge's finding that Koehl had acted in bad faith and that no sanction short of dismissal would suffice, that the action be dismissed with prejudice. On August 16, 2012, the district court adopted the recommendation in full and dismissed the action with prejudice.

A district court's imposition of sanctions for misconduct is reviewed for abuse of discretion. *United States v. Seltzer*, 227 F.3d 36, 39 (2d Cir. 2000). While district courts generally have broad discretion with respect to the imposition of

---

[1] For example, in a letter to Judge Stein dated April 9, 2012, asserting that the Magistrate Judge was biased against him, Plaintiff wrote, "Gorenstein is the personification of why Jews such as myself are called KIKES."

[2] Koehl's response stated that the Magistrate Judge "had no business being a judge" and that he made Plaintiff "ashamed to be an American" and "more ashamed to be a Jew."

sanctions, "we have recognized that dismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (per curiam) (internal quotation marks omitted). While "a court is ordinarily obligated to afford a special solicitude to *pro se* litigants," *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), dismissal of a *pro se* litigant's action as a sanction may nonetheless be appropriate "so long as a warning has been given that noncompliance can result in dismissal," *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir. 1994) (per curiam). *See, e.g., Agiwal*, 555 F.3d at 302-03 (affirming the dismissal of a *pro se* plaintiff's action for failure to comply with a discovery order); *Valentine*, 29 F.3d at 49-50 (same).

Considering the record of Koehl's misconduct, we see neither abuse of discretion in the district court's imposition of the sanction of dismissal with prejudice, nor error in its underlying findings that Koehl acted in bad faith and that no other sanction would suffice. Among the factors supporting our conclusions are, first, that Koehl previously had a *pro se* action dismissed with prejudice as sanction for abusive conduct similar to his conduct in the present

5

case. *See Koehl v. Greene*, No. 9:06-cv-478-JMH, 2010 WL 669365 (N.D.N.Y. Feb. 16, 2010), *aff'd*, 424 F. App'x 61 (2d Cir. 2011) (summary order). Second, in the present case, Koehl was warned that continued "intemperate" conduct could lead to dismissal of his action as a sanction, yet he persisted in it. He was then ordered to show cause why his action should not be dismissed or another sanction imposed, and he responded with further abusive language. Against this background, we see no abuse of discretion in the district court's decision to dismiss with prejudice. *See Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978) ("Neither the modern view of civil pleading nor the liberal pro se practice of this court has done away with the time honored notion that the law and the courts of the United States are important parts of American society worthy of respect. . . . Our [liberal] pro se practice is a shield against the technical requirements of a past age; it is not a sword with which to insult a trial judge.").

We add one point of important clarification. The offending conduct for which the sanction was imposed was not Koehl's accusations that the Magistrate Judge was biased against him, but rather his offensive, abusive, and insulting language. *See Koehl v. Bernstein*, No. 10 Civ. 3808 (S.D.N.Y. Aug. 16, 2012) (adopting the Magistrate Judge's "recommend[ation] that [Koehl's] case . . . be

dismissed with prejudice . . . as a sanction for [Koehl's] repeated use of very abusive language"). Asserting that a judicial officer is biased against a party as a basis for a demand for the officer's recusal or disqualification is ordinarily, without more, not sanctionable conduct. A judicial officer is disqualified by law from acting "in any proceeding in which [the officer's] impartiality might reasonably be questioned," as well as where the officer "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) and (b)(1). A party or attorney that seeks a judicial officer's disqualification by reason of bias must be entitled under law to assert the allegation of bias and to undertake to substantiate it by reference to the officer's words and conduct. At least absent aggravating circumstances, the mere making of such assertions, standing alone, cannot be deemed actionable misconduct on the part of a litigant or attorney. *See United States v. Cooper*, 872 F.2d 1, 3-4 (1st Cir. 1989) (observing that although an accusation of bias supporting a motion to disqualify a judge may be "inherently offensive to the sitting judge because it requires the moving party to allege and substantiate bias and prejudice–traits contrary to the impartiality expected from a mortal cloaked in judicial robe," "the fair administration of justice requires that lawyers challenge a judge's purported impartiality when facts arise which

7

suggest the judge has exhibited bias or prejudice" (footnote omitted)). That such a charge is "insulting" because an insult is "inherent in the issue of bias raised" does not render the charge impermissible so long as "the words used . . . [are] in no way offensive in themselves." *Holt v. Virginia*, 381 U.S. 131, 137 (1965).

On the other hand, the right to accuse a judge of bias (or of misconduct) does not carry with it the right to abuse and insult. The sanction imposed on Koehl was justified.

The district court's judgment is **AFFIRMED**.