**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2015[*]
Decided October 26, 2015

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 14-1157 | Appeal from the United States District Court |
| KEVIN A. BIRDO, *Plaintiff-Appellant*, | for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 12 C 9219 |
| LEAH URBANOSKY, *et al.*, *Defendants-Appellees*. | Ronald A. Guzmán, *Judge*. |

## O R D E R

Kevin Birdo, an Illinois inmate, broke a finger in August 2012. By his account the prison medical staff waited three weeks before treating the injury and then, after acknowledging that surgery was needed because the delay had caused the break to heal improperly, put off the surgery for nearly seven weeks while he waited in pain. As a result, Birdo says, he suffers from painful arthritis and cannot bend the finger. He filed this action under 42 U.S.C. § 1983 claiming that the defendant physicians and administrators were deliberately indifferent to a serious medical need in violation of the

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Eighth Amendment. The district court screened Birdo's complaint and allowed the action to proceed, *see* 28 U.S.C. § 1915A, and for a year the litigation proceeded without incident. Without warning or notice to Birdo, however, the district court dismissed the suit with prejudice as a sanction after a shard of mirror glass was found in one of Birdo's mailings to the court. Birdo moved for reconsideration, explicitly denying responsibility for the glass in the envelope. The court denied that motion without explanation, and Birdo then filed this appeal. We conclude that the court abused its discretion.

Birdo filed his lawsuit in November 2012. In the year that the litigation was pending in the district court, he submitted more than 25 documents to the clerk of court, including his original and amended complaints, an application to proceed in forma pauperis, requests for appointment of counsel, motions to compel discovery, responses to motions filed by the defendants, and letters to the district judge. Birdo also mailed service copies to the defendants. Nothing in the record suggests that court personnel or any defendant felt threatened because of the language or manner of delivery of Birdo's submissions.

Then in November 2013, Birdo moved for a default against several defendants who had missed the deadline to answer his complaint. The motion itself contains no threatening language, but inside the envelope was a shard of mirror glass. Two days after the clerk's office had received the motion and shard of glass, the district court, sua sponte and without notice to Birdo, dismissed his lawsuit with prejudice, explaining:

> The Court can think of no reason for the intentional inclusion of such a dangerous item in a case-related filing other than as a threatening gesture to this chambers specifically and the Court in general. Such actions are unacceptable. As a sanction, the Court dismisses Plaintiff's second amended complaint with prejudice.

The district court did not say under what authority it was dismissing the lawsuit as a sanction (though later in denying Birdo leave to file this appeal in forma pauperis, the court made reference to the "inherent authority" of a judge to "sanction conduct that abuses the judicial process").

Birdo promptly filed an "emergency motion for reconsideration." He declared under penalty of perjury, *see* 28 U.S.C. § 1746, that he had not sent the shard of glass and did not know anything about it. In fact, Birdo said that his cellmate had witnessed him seal the envelope (with nothing threatening inside). Birdo emphasized that he had never

"expressed any ill-will to any member of the court," that the motion in the envelope with the glass shard was in no way threatening, and that he did not have a history of threatening the court. Birdo had worked hard on his case and thought he was close to winning, he said, and would not have jeopardized the suit by threatening the court. He added that as an inmate he does not have control over his mail, which even when sealed, can be tampered with by prison staff or others. The district court did not address Birdo's contentions and denied his motion in a minute entry without elaboration.

On appeal Birdo argues that before dismissing the case, the district court should have conducted a hearing to determine if, in fact, he was responsible for the glass being sent to the court. We review a sanction imposed under a district court's inherent authority for abuse of discretion. *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009).

Before a court invokes its inherent authority to impose sanctions, the court must provide the affected party with due process by giving notice that sanctions may be imposed and allowing the party to be heard. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991); *Larsen v. City of Beloit*, 130 F.3d 1278, 1286–87 (7th Cir. 1997); *Koehl v. Bernstein*, 740 F.3d 860, 862–63 (2d Cir. 2014). We have said explicitly that a court's "inherent power to sanction is to be exercised by means of a rule to show cause or similar procedure, rather than by the sudden imposition of sanctions with no opportunity to respond." *Larsen*, 130 F.3d at 1286–87. An opportunity for the party to be heard is unnecessary only if sanctionable conduct is apparent from the record and a hearing (or other opportunity to be heard) would not assist the court. *Compare Philos Techs., Inc. v. Philos & D, Inc.*, Nos. 12-3446, et al., 2015 WL 5562178, at *10–11 (7th Cir. Sept. 22, 2015) (vacating sanctions since "murky record" on disputed issues did not support imposition of sanctions), *with Kapco Mfg. Co. v. C & O Enters., Inc.*, 886 F.2d 1485, 1495 (7th Cir. 1989) (explaining that if "sanctionable conduct occurred in the presence of the court, there are no issues that a hearing could illuminate and hence the hearing would be pointless"). But where there are contested factual issues, the court must offer an opportunity to be heard and must resolve factual disputes. *See Philos Techs.*, 2015 WL 5562178, at *10; *Johnson v. Cherry*, 422 F.3d 540, 549 (7th Cir. 2005).

Birdo's case illustrates the "fundamental problem" with imposing sanctions without the required notice and opportunity to be heard: Only after the district court had dismissed his case with prejudice did Birdo even have a chance to deny involvement in sending the shard of glass. *See Johnson*, 422 F.3d at 551. And even then—contrary to the defendants' contention—Birdo did not receive a hearing in any meaningful sense

because the district court, without any further inquiry, ignored Birdo's sworn denial of involvement. In the face of that denial, the district court could not simply assume, as it did, that Birdo was the one who placed the glass in the envelope. Rather, a hearing, including the taking of evidence if necessary, was essential to resolve whether he was responsible, for his involvement is not apparent from the record. Under these circumstances the court abused its discretion by sanctioning Birdo without giving him an opportunity to be heard and without first determining that he was responsible for sending the glass. As Birdo points out, he was not the last person to handle the envelope with his motion before it was delivered to the postal service, and whether or not the court thought it likely that someone else had tampered with the envelope, the court could not rely on speculation to resolve the matter.

The judgment is VACATED, and the case is REMANDED for further proceedings consistent with this order.