Pimentel v. Delta Air Lines, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand twenty.

Present:
> ROSEMARY S. POOLER,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges.*

_____

NICHOLAS PIMENTEL, AKA AASIR AZZARMI,

> *Plaintiff-Appellant*,

v.

> 19-2343 (L)
> 19-2376 (Con)
> 19-2499 (Con)
> 19-2510 (Con)

DELTA AIR LINES, INC., TANYA MORGAN, INDIVIDUALLY, SERGEY YEREMEYEV, INDIVIDUALLY, CLIFFORD SCHWENKER, INDIVIDUALLY, BILL ITTOUNAS, INDIVIDUALLY, SHEANDRA R. CLARK, INDIVIDUALLY, PAMELA KELLY, INDIVIDUALLY, NATASHA ANDERSON, INDIVIDUALLY, FABIO MACIEL, INDIVIDUALLY, CHARLOTTE LING, INDIVIDUALLY, SUPERVISORS JOHN DOE, INDIVIDUALLY, JILL WUBBEN, INDIVIDUALLY, RYAN RANGEL, INDIVIDUALLY, MARCY J. DAVIDSON, INDIVIDUALLY, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., ROBERT REINLAN, DANA SABGHIR, INDIVIDUALLY, IRA ROSENSTEIN, INDIVIDUALLY, JONES & JONES, INC., MORGAN, LEWIS & BOCKIUS LLP, PAMELA ALSON, INDIVIDUALLY, ELAINE LITTLE, INDIVIDUALLY,

*Defendants-Appellees.*

_____

Appearing for Appellant:          NICHOLAS PIMENTEL, pro se, New York, N.Y.

Appearing for Appellees:          Brendan T. Killeen, Morgan, Lewis & Bockius LLP, New York, N.Y.


Appeals from two judgments of the United States District Court for the Eastern District of New York (Donnelly, *J.*; Orenstein, *M.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments be and it hereby are **AFFIRMED**.

In these consolidated appeals, Appellant Nicholas Pimentel, a/k/a Aasir Azzarmi, proceeding pro se, appeals the district court's judgments dismissing his Discrimination Action (E.D.N.Y. 17-cv-5317) and Labor Action (E.D.N.Y. 18-cv-2999). Appellant also moves for various relief in this Court. After issuing several warnings to Appellant, the district court dismissed the actions with prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to comply with court orders and for using abusive language toward the judges. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review dismissals pursuant to Rule 41(b) "for an abuse of discretion in light of the record as a whole." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). A district court must weigh five factors when considering a Rule 41(b) dismissal: (1) the duration of noncompliance with the court order; (2) whether notice was given that the action would be dismissed for failure to comply; (3) whether the other party will be prejudiced by further delay in the proceedings; (4) the balance of the court's interest in managing its docket with the litigant's interest in being heard; and (5) the availability of a lesser sanction. *Id.* Additionally, we are mindful that dismissal is "the harshest of sanctions" and should only be used in "extreme" situations with pro se litigants. *Id.* at 217 (internal quotation marks omitted).

The district court did not abuse its discretion in dismissing Appellant's cases with prejudice. In its July 12, 2019 order—giving Appellant one final chance to comply with court orders—the court adequately weighed the five factors, explaining that Appellant had been warned several times about needing to comply with court orders, had "wasted the Court's and counsel's time," and that "opposing counsel has had to devote needless energy and time responding to [Appellant's] frivolous and offensive filings." However, given Appellant's pro se status and the fact that his noncompliance had lasted only "a few months[,]" the court gave him one final chance to comply with court orders by ordering him to file a letter stating that he would

2

so comply, essentially imposing a "lesser sanction" and giving him one final warning. When Appellant failed to comply with that order, and instead continued to insult the judges and declare that he would not follow court orders, the district court properly dismissed the actions.

We have upheld dismissals with prejudice as a sanction where pro se litigants repeatedly used abusive language toward judges. *See Koehl v. Bernstein*, 740 F.3d 860, 862–64 (2d Cir. 2014). In *Bernstein*, we explained that a court's "liberal pro se practice . . . is not a sword with which to insult a trial judge" and that "the right to accuse a judge of bias (or of misconduct) does not carry with it the right to abuse and insult." 740 F.3d at 863 (internal quotation marks omitted).

Appellant's challenges to the dismissal are meritless. First, the district court did not err in dismissing the action with prejudice rather than granting Appellant's motion for voluntary dismissal without prejudice pursuant to Rule 41(a). Appellant's motion was filed long after the Appellees had answered the complaint, and thus Appellant was not entitled to dismissal without prejudice unless the Appellees stipulated to such dismissal. *See* Fed. R. Civ. P. 41(a)(1)(A). Second, the district court did not err in finding that the Labor Action was related to the Discrimination Action and thus assigning the case to Judge Donnelly; pursuant to the court's local rules, "all pro se civil actions filed by the same individual" are deemed related "[i]n the interest of judicial economy[.]" E.D.N.Y. Local Rule 50.3.1(e). In any event, even considering the Labor Action separately, Appellant continued to insult the judges in his filings in that action after being warned that such language could result in dismissal; thus, dismissal of the Labor Action was proper for the reasons discussed above. Third, the district court's reasons for dismissal were not speculative and did not change over time—the district court repeatedly warned Appellant that refusal to comply with court orders and the continued use abusive language toward the judges could result in dismissal, and those were the reasons the court ultimately dismissed the case.

To the extent Appellant challenges the district court's orders prior to dismissal, including its discovery orders, we do not review those orders. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 192 (2d Cir. 1999) (holding that interlocutory orders do not merge with the final judgment where the case was dismissed pursuant to Rule 41(b) and are thus unreviewable on appeal).

We also reject Appellant's claims that the district judge and magistrate judge should have been recused from the cases based on their alleged bias. Most of Appellant's arguments rely on the fact that the judges ruled against him and in favor of the Appellees, but judicial rulings alone do not constitute evidence of bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Finally, we deny Appellant's various motions. Appellant's request for a refund of the filing fee is rejected because he has been granted in forma pauperis status on appeal and has not paid any fees to this Court.   Appellant's motions to strike the Appellees' briefs are meritless. *C.f. Brown v. Maxwell*, 929 F.3d 41, 51–52 (2d Cir. 2019.) The remaining motions—seeking to

3

appeal, to vacate, to remand, for judicial notice, for certified questions, for an injunction, and to confirm an arbitration award—are rendered moot by this decision.

We have considered the remainder of Appellant's arguments and find them to be without merit. Accordingly, the judgments of the district court hereby are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court