**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

**August 12, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

ETHAN WEST-HELMLE,

     Plaintiff - Appellant,

v.

DENVER DISTRICT ATTORNEY'S
OFFICE; DENVER COUNTY
JUDICIARY; UNIVERSITY OF
DENVER; DUSTIN HEARD;
CHRISTINE WASHBURN; JESSIE
DUBOIS; MELISSA TROLLINGER
ANNIS; THOMAS RUSSELL; VIVA
MOFFAT; ALEXI FREEMAN,

     Defendants - Appellees.

_____

ETHAN WEST-HELMLE,

     Plaintiff - Appellant,

v.

THOMAS RUSSELL,

     Defendant - Appellee,

and

DENVER COUNTY JUDICIARY;
DENVER DISTRICT ATTORNEY'S
OFFICE; JESSIE DUBOIS; MELISSA
T. ANNIS; ALEXI FREEMAN;
DUSTIN HEARD; VIVA MOFFAT;
UNIVERSITY OF DENVER;
CHRISTINE WASHBURN,

     Defendants.

No. 24-1340
(D.C. No. 1:19-CV-02304-RM-STV)
(D. Colo.)

No. 25-1020
(D.C. No. 1:19-CV-02304-RM-STV)
(D. Colo.)

_____

**ORDER AND JUDGMENT***

_____

Before **MATHESON**, **CARSON**, and **FEDERICO**, Circuit Judges.

_____

Ethan West-Helmle, proceeding pro se,[1] unsuccessfully pursued federal claims of disability discrimination and ancillary state-law claims. In No. 24-1340, he appeals the dismissal of most of his claims and the grant of summary judgment to the defendants on the others. In No. 25-1020, he

_____

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] "[W]e generally construe pro se pleadings liberally," but not when the litigant is a licensed attorney. *Comm. on Conduct of Att'ys v. Oliver*, 510 F.3d 1219, 1223 (10th Cir. 2007) (internal quotation marks omitted). West-Helmle is a law school graduate, so he falls somewhere in between a typical pro se litigant and a licensed attorney. Here, we choose to liberally construe his filings. But we do not act as his advocate, and he must follow the same rules as other litigants. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

appeals an award of attorneys' fees to one of the defendants. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in both appeals.[2]

## I

West-Helmle was a student at the Sturm College of Law at the University of Denver (DU). In December 2016, he had an ischemic stroke, suffering "extensive brain trauma" that left him "with impairments . . . such as slowed reading comprehension" and "poor circulatory function." R. II at 130, 144. After taking some time to recover, he continued his studies at the law school.

In the fall of 2017, West-Helmle had an externship with the office of the Denver District Attorney (DDA), for which he was to earn credit hours towards his degree. Under the supervision of defendants Christine Washburn, Dustin Heard, and Jessie Dubois, he worked in Denver County Courtroom 4C, where defendant Magistrate Judge Melissa Trollinger Annis generally presided. The externship, however, did not go well. West-Helmle received an unfavorable mid-semester review. Then, when he asked a question following a hearing, Judge Annis barred him from Courtroom 4C. A few weeks later, DDA terminated the externship.

---

[2] We dismiss the portion of No. 25-1020 challenging an award of costs because there is no final district-court decision regarding costs.

West-Helmle alleges that Washburn and Heard contacted other district attorney's offices to warn them not to hire West-Helmle. He also alleges that Dubois advised another office of his impairments and recommended he not be hired. Heard submitted to DU a final review recommending West-Helmle receive a failing grade for the externship.

After DDA terminated the externship, West-Helmle sought a refund of his tuition for the credit hours he would have earned for the externship. Defendant Viva Moffat, a DU professor, stated there was nothing she could do about a refund. West-Helmle contacted defendant Alexi Freeman, another DU professor, and asked if DU could accommodate him rather than giving him a failing grade for the externship. Although Freeman told West-Helmle to complete unfinished assignments to put himself in the best position to get a passing grade, she assigned him a failing grade in January 2018.

West-Helmle appealed the denial of a tuition refund, but he alleges that Moffat influenced the decision to reject the appeal. He also appealed the failing grade. Defendant Thomas Russell, the chair of the DU Examinations, Standing, and Readmission Committee, issued a decision upholding the grade. West-Helmle alleges that Moffat and Freeman influenced Russell's decision. West-Helmle had to make up the credit hours

4

that he did not earn from the externship and ended up graduating later than he originally planned.

In 2019, West-Helmle filed suit against DDA, the Denver County Judiciary (DCJ), DU, Judge Annis, Washburn, Heard, Dubois, Freeman, Moffat, and Russell. Subsequently, as relevant here, he filed a second amended complaint and then a third amended complaint alleging violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132; § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and state law. The district court dismissed the bulk of the claims and then granted summary judgment on the remaining claims.

After the district court resolved all claims, Russell moved for an award of attorney's fees, which the district court granted.

## II

Appeal No. 24-1340 challenges the dismissal of most of West-Helmle's claims and the grant of summary judgment on the remaining claims.

## A

As an initial matter, DU, Moffat, and Freeman move to strike West-Helmle's opening brief as too long, in violation of court rules. We granted West-Helmle leave to file a 35-page opening brief. Our rules require briefs to be in 13-point or 14-point font. *See* Fed. R. App. P. 32(a)(5)(A); 10th Cir. R. 32(A). The brief West-Helmle filed is 36 pages in a 12-point

font. The brief is 41 pages when reprinted in a 13-point font (as shown by the 13-point version West-Helmle attached to his response to the motion to strike).

Asserting that he was not aware of the font-size requirement and suggesting that the word count is in line with a 35-page brief, West-Helmle requests that the court accept his 41-page brief. We accept the 13-point brief for filing as an amended opening brief and direct the Clerk to file it as such. But West-Helmle requested and the court authorized a set page limit, not an adjusted word count, and his 13-point brief well exceeds the authorized page limit. We will not overlook the failure to comply with the court's order and rules. We therefore address only the contentions set forth in the first 35 pages of the 13-point brief. We deem any arguments set forth in pages 36 to 41 of the amended opening brief (roughly corresponding to pages 32 to 36 of the original opening brief) to be waived.[3]

## B

West-Helmle challenges the dismissal of various claims under Federal Rule of Civil Procedure 12(b)(6). We review Rule 12(b)(6) dismissals de novo, "accept[ing] all the well-pleaded allegations of the complaint as true and constru[ing] them in the light most favorable to" West-Helmle as the non-

---

[3] Although for purposes of our disposition we deem the arguments on these pages waived, even if not waived, we do not find them meritorious.

moving party. *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1368 (10th Cir. 2015) (ellipsis and internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (ellipsis and internal quotation marks omitted).

1

In the second amended complaint, West-Helmle alleges that Washburn, Heard, and Dubois defamed him in violation of his right to due process. West-Helmle asserts that the district court erred in dismissing this stigma-plus claim, or at the least erred in dismissing it with prejudice, because he could have adequately pleaded it, if given another opportunity.

The first question for a procedural due process claim is "[d]id the plaintiff possess a protected property or liberty interest to which due process protections apply?" *Hinkle v. Beckham Cnty Bd. of Cnty. Comm'rs*, 962 F.3d 1204, 1229 (10th Cir. 2020) (internal quotation marks omitted). If the answer is "yes," then the second question is "was the plaintiff afforded an appropriate level of process?" *Id.* (internal quotation marks omitted). We need not reach arguments regarding the level of process (or the district court's alternative holding that the defendants would be entitled to qualified immunity on this claim), because the second amended complaint failed to plausibly plead a protected interest, and West-Helmle did not

7

timely present the facts and arguments to the district court that he now relies on to contend that he could have adequately re-pleaded the claim.

"Damage to one's reputation alone . . . is not enough to implicate due process protections." *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1558 (10th Cir. 1993). "In the stigma-plus context . . . what is needed in addition to stigma is some change in legal status," which "must be significant." *Hinkle*, 962 F.3d at 1229 (alterations and internal quotation marks omitted). "Damage to prospective employment opportunities is too intangible" to satisfy this requirement. *Jensen*, 998 F.2d at 1559. The district court dismissed the claim on the ground that the allegations described loss of prospective employment opportunities without showing any significant change in legal status.

West-Helmle alleges "the Trial Court wrongfully limited the damages to only future employers, overlooking all the other damage caused by stigma plus." Aplt. Amend. Op. Br. at 12. He asserts that in addition to "loss of future employment," Washburn, Heard and Dubois "are all liable to [him] for the scholastic damages at his university . . . and loss of [professional] licensure." *Id.* If we understand him correctly, he is asserting that he plausibly pleaded (or could plead) a significant, material change in legal status by alleging that defendants defamed him to DU, causing him to

8

receive a failing grade, and to state licensing authorities, causing him to be denied a license to practice law.

To satisfy the "plus" requirement, a plaintiff must plead that he "experienced a governmentally imposed burden that significantly altered his status as a matter of state law." *Al-Turki v. Tomsic*, 926 F.3d 610, 618 (10th Cir. 2019) (internal quotation marks omitted). We have identified "losing the right to drive a car or being wrongfully registered as a sex offender" as examples of actions that constitute significant, material changes in legal status. *Hinkle*, 962 F.3d at 1231. West-Helmle fails to supply any authority holding that receiving a failing grade from a private institution or the denial of a license that the applicant never held satisfies the legal-status requirement. And even if these actions would suffice, West-Helmle fails to show the second amended complaint contains sufficient facts and allegations to plausibly plead them.

The second amended complaint alleges that Heard recommended to DU that he receive a failing grade, but it stated he did so "with the intent to adversely affect [West-Helmle's] professional reputation," R. I at 401, which in context appears to refer to prospective employers. And the second amended complaint did not include any allegations that the DDA

9

defendants defamed West-Helmle to licensing authorities.[4] West-Helmle thus fails to show how the district court erred in dismissing this claim.

Further, West-Helmle did not preserve his argument that he could have adequately re-pleaded the claim if given the opportunity. He did not raise the legal-status argument that he now makes in either his response to the DDA defendants' motion to dismiss or his objections to the magistrate judge's recommendation. We will not fault the district court for failing to allow West-Helmle a chance to re-plead the claim when he did not timely make the argument he relies on now. *See Impact Energy Res., LLC v. Salazar*, 693 F.3d 1239, 1246 n.3 (10th Cir. 2012) (per curiam) (explaining that failure to raise issue at appropriate time in the district court waives appellate review).

## 2

West-Helmle next challenges the dismissal of his ADA and Rehabilitation Act discrimination and failure-to-accommodate claims for failure to plausibly plead that he is a qualified individual with a disability. *See Est. of Beauford v. Mesa Cnty.*, 35 F.4th 1248, 1276 (10th Cir. 2022) (first element of a claim under ADA Title II is that the plaintiff "is a

---

[4] West-Helmle's record citations supporting these allegations are to documents he filed long after the magistrate judge issued his recommendation and the district court accepted it.

10

qualified individual with a disability" (internal quotation marks omitted));
*Cline v. Clinical Perfusion Sys., Inc.*, 92 F.4th 926, 932 (10th Cir. 2024) (first
element of a claim under § 504 of the Rehabilitation Act is that the plaintiff
"is a handicapped individual under the Act" (internal quotation marks
omitted)); *Edmonds-Radford v. Sw. Airlines Co.*, 17 F.4th 975, 986 (10th
Cir. 2021) (observing "the same substantive standards apply under the
Rehabilitation Act and the ADA").

Considering the third amended complaint, along with an attached
medical record, the magistrate judge concluded that West-Helmle had
alleged only mild impairments and had failed to identify any major life
activity that was substantially limited by those impairments. He therefore
concluded that the third amended complaint failed to plausibly plead that
West-Helmle has a disability.

West-Helmle extensively objected to the recommendation, arguing
over several pages why and how he is disabled. The district court, however,
did not find the objections persuasive. It assumed that "poor circulatory
function" as discussed in West-Helmle's objections was an impairment, but
it stated that West-Helmle had not identified a major life activity that he
was unable to perform or was significantly restricted in performing, and
that he had not shown that poor circulatory function substantially limited

11

any such activity. The district court declined to consider new arguments and new evidence submitted with the objections.

West-Helmle suggests that the district judge did not consider the medical report attached to his third amended complaint. The magistrate judge considered that report, and the district court referred to it as well. On the record page West-Helmle cites to support his contention, the district court "declin[ed] to consider newly submitted evidence, such as the medical records Plaintiff attaches to his Objection." R. II at 691. The records attached to the objection (which the district court's docket shows as 101 pages) far exceed the six-page record attached to the third amended complaint. West-Helmle does not argue why it would be improper for the district court to have declined to consider 101 pages of newly submitted evidence.

This section of West-Helmle's brief consists of (1) quotations from various portions of the record, and (2) conclusory assertions that the district court not only erred but was abusive to West-Helmle. The brief never adequately addresses the district court's reasoning for concluding that he did not plausibly plead that he is a qualified individual with a disability.

For example, West-Helmle submits a page-long quotation of allegations from the third amended complaint, which he states are "in support of the last two elements of ADA and the Rehabilitation Act claims

12

against the County." Aplt. Amend. Op. Br. at 15. That entirely bypasses the relevant question (and the first element) – whether he plausibly pleaded that he is a qualified individual with a disability.

Regarding the question at hand (whether the complaint adequately pleaded a disability), West-Helmle primarily supplies a three-page, single-spaced block quote repeating nearly verbatim the arguments he made in his objections to the magistrate judge's recommendation, stating that the excerpt "explains well that [he] is indeed disabled," *id.* at 16. He follows the quotation with a conclusory statement that the claims "were all wrongfully dismissed with discriminatory purposes. This abhorrent decision affected Defendants DU, DA's Office and the County Court. These Counts must be overturned and remanded." *Id.* at 20.

Merely quoting arguments from district-court briefing, however, does not qualify as appropriate appellate briefing. "The first task of an appellant is to explain to us why the district court's decision was wrong," *Nixon*, 784 F.3d at 1366, and "presenting the exact same argument that the district court rejected, without more, falls short of explaining to us why the district court's decision was wrong," *Meek v. Martin*, 74 F.4th 1223, 1276 (10th Cir. 2023) (brackets, emphasis, and internal quotation marks omitted); *see also Semsroth v. City of Wichita*, 555 F.3d 1182, 1186 n.5 (10th Cir. 2009) (noting appellants' brief, which was a "verbatim copy of [] their summary judgment

13

response," "fail[ed] to address in a direct way the decision under review and, as a result, d[id] not effectively come to grips with the district court's analysis of the deficiencies in their case"). Because the appellate brief fails to adequately challenge the district court's reasoning and determination that West-Helmle did not plausibly plead that he is a qualified individual with a disability, we affirm the dismissal of the ADA and Rehabilitation Act discrimination and failure-to-accommodate claims. *See Nixon*, 784 F.3d at 1366, 1369-70 (affirming where appellant failed to challenge the district court's reasoning).

**3**

West-Helmle also seeks to challenge the dismissal of a claim for civil conspiracy against DU Professors Russell, Freeman, and Moffat. But enforcing our firm waiver rule, we decline to consider any arguments regarding the dismissal of the civil conspiracy claim.

Our firm waiver rule provides that "a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005). West-Helmle did not object to the magistrate judge's recommendation to dismiss the civil conspiracy claim. To the contrary, he affirmatively consented to the dismissal of that claim. *See* R. II at 559 ("Plaintiff agrees with the Court regarding the

14

dismissal of the . . . conspiracy claims."). As defendants correctly argue, by doing so, he waived his right to appeal the dismissal of the claim.[5] *See Morales-Fernandez*, 418 F.3d at 1119.

**4**

West-Helmle next argues that the district court erred in entertaining DDA's Rule 12(b)(6) motion because DDA already had filed an answer. *See* Fed. R. Civ. P. 12(b) (providing that defenses set forth in Rule 12(b)(1) through (b)(7) "must be made before pleading if a responsive pleading is allowed"). But the answer he identifies was directed toward the second amended complaint. Answering the *second* amended complaint did not preclude DDA from filing a Rule 12(b) motion regarding the *third* amended complaint. *See* 5C A. Miller & A. Spencer, Federal Practice & Procedure Civil § 1361 (3d ed. 2025) ("[W]henever the court allows a party to amend

---

[5] The firm waiver rule does not apply "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Morales-Fernandez*, 418 F.3d at 1119 (internal quotation marks omitted). Neither exception applies here. The report and recommendation advised West-Helmle of the need to object. And in these circumstances, we are not persuaded that the interests of justice require review. *See United States v. Lesh*, 107 F.4th 1239, 1245 (10th Cir. 2024) ("A party may not on appeal change its theory and take a position inconsistent therewith." (internal quotation marks omitted)), *cert. denied*, __ S. Ct. __, 2025 WL 1678982 (U.S. June 16, 2025) (No. 24-654).

15

its pleading, the opposing party's right to interpose a Rule 12(b) motion is extended or revived accordingly.").

## C

Judge Annis sought and obtained dismissal of the second amended complaint's claims against her based on absolute judicial immunity. West-Helmle did not name her as a defendant in the third amended complaint. After the district court dismissed the bulk of the claims in the third amended complaint, it set a scheduling order. Just before the deadline for joining parties and amending the complaint, West-Helmle sought to re-join Judge Annis as a defendant to assert a § 1983 claim against her. The district court denied the motion without prejudice because he had failed to follow the court's rules regarding requests to amend the complaint.

Three months after the deadline for joinder and amendment (and two months after the district court's denial of his first motion to re-join Judge Annis), West-Helmle filed a second motion to re-join Judge Annis. He sought leave to file a fourth amended complaint adding a § 1983 claim based on Judge Annis's exclusion of him from Courtroom 4C. The district court denied the motion for failure to show good cause under Fed. R. Civ. P. 16(b)(4) and for failure to satisfy the standards for amending pleadings. It stated that the motion was untimely, the defendants would be prejudiced, and amendment would be futile because Judge Annis still would be entitled

to absolute judicial immunity. Our review is for abuse of discretion, *see Lee v. Poudre Sch. Dist. R-1*, 135 F.4th 924, 932 (10th Cir. 2025) (amendment); *103 Invs. I, L.P. v. Square D Co.*, 372 F.3d 1213, 1218 (10th Cir. 2004) (joinder), except that we review de novo the legal basis for a finding of futility, *see Lee*, 135 F.4th at 932.

We need not consider good cause, timeliness, or undue prejudice because the district court did not err in concluding amendment would be futile. The proposed § 1983 claim would be barred by absolute judicial immunity. "[J]udges are generally immune from suits for money damages. There are only two exceptions to this rule: (1) when the act is not taken in the judge's judicial capacity, and (2) when the act, though judicial in nature, is taken in the complete absence of all jurisdiction." *Stein v. Disciplinary Bd. of Sup. Ct. of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008) (citation, brackets, and internal quotation marks omitted). West-Helmle invokes the first exception, but there can be no serious argument that Judge Annis was not acting in her judicial capacity when she excluded him from Courtroom 4C.

In determining whether a judge was acting in her judicial capacity, "we look to the particular act's relation to a general function normally performed by a judge." *Mireles v. Waco*, 502 U.S. 9, 13 (1991). It is well-established that controlling access to a courtroom is a function normally

17

performed by a judge. *See Sheppard v. Maxwell*, 384 U.S. 333, 358 (1966) ("[T]he courtroom and courthouse premises are subject to the control of the court."); *Combined Commc'ns Corp. v. Finesilver*, 672 F.2d 818, 821 (10th Cir. 1982) (recognizing that judges may restrict access to courtrooms).

West-Helmle asserts that certain discovery responses by DCJ were admissions that Judge Annis did not act judicially, but we are not persuaded that he has correctly interpreted those responses or that they support the weight he assigns to them. Further, allegations that Judge Annis acted unofficially and without entering a citation or order of contempt are not sufficient to overcome judicial immunity. *See Forrester v. White*, 484 U.S. 219, 227 (1988) (stating that "the informal and *ex parte* nature of a proceeding has not been thought to imply that an act otherwise within a judge's lawful jurisdiction was deprived of its judicial character"). Nor are allegations that Judge Annis had a discriminatory motive. *See id.* (recognizing that invoking a judicial power "does not become less judicial by virtue of an allegation of malice or corruption of motive").

## D

Finally for No. 24-1340, West-Helmle appeals the district court's decision not to recuse from his case. While challenging the grant of summary judgment to DU on his Rehabilitation Act retaliation claim, West-Helmle makes two arguments arising out of two 28 U.S.C. § 144 motions

18

that he filed with the district court demanding that the district judge recuse from his case. The two motions were accompanied by affidavits. We review the denial of a motion to recuse for abuse of discretion. *See Weatherhead v. Globe Int'l, Inc.*, 832 F.2d 1226, 1227 (10th Cir. 1987).

**1**

West-Helmle objects that the district judge did not mention the affidavits and asserts that the judge could not proceed in the case without referring the recusal motions to another judge. *See* § 144 ("Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."). He argues that the district judge, having failed to comply with § 144, lacked the authority to decide any issue in the case that arose or was pending after West-Helmle filed his recusal motions.

"Disqualification under 28 U.S.C. § 144 places a substantial burden on the moving party to demonstrate that the judge is not impartial, not a burden on the judge to prove that he is impartial." *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004). To require recusal under § 144, a party's affidavit must be both timely and sufficient. *See id.*; *Green v. Dorrell*, 969

19

F.2d 915, 919 (10th Cir. 1992). Under our precedent, when a party files a motion to recuse the judge in a particular case, that judge may decide the legal sufficiency of the motion in the first instance. *See United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976); *see also Burke v. Regalado*, 935 F.3d 960, 1052 n.83 (10th Cir. 2019) (recognizing, in case involving recusal under 28 U.S.C. § 455(a), that "the common practice in federal courts has been for the judge who is the target of the disqualification request to decide the motion"). In order to be sufficient, the § 144 affidavit must state facts and reasons which "give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Bell v. Chandler*, 569 F.2d 556, 559 (10th Cir. 1978) (internal quotation marks omitted).

*First Motion to Recuse*. West-Helmle directed his first motion to recuse primarily toward the magistrate judge. But at the end of the motion, he also called for the district judge's recusal, averring that the district judge had influenced the magistrate judge's rulings and stating that the district judge had retired. The affidavit's only allegation regarding the district judge, however, was that he had dismissed claims against DDA over West-Helmle's objections. This allegation was insufficient to satisfy § 144. *See Green*, 969 F.2d at 919 (recognizing that "adverse rulings against a litigant cannot in themselves form the appropriate grounds for

20

disqualification"); *Bray*, 546 F.2d at 857 ("Nor are adverse rulings by a judge grounds for disqualification.").

*Second Motion to Recuse*. Several months later, West-Helmle filed another motion to recuse. The attached affidavit made numerous complaints about the district judge's handling of West-Helmle's case and conclusory allegations that the district judge was biased against him as a person with a disability. In addition to being beyond the numerical limit imposed in § 144, which states that "[a] party may file only one such affidavit in any case," this affidavit also was insufficient. Not only are complaints about rulings unavailing, *see Green*, 969 F.2d at 919; *Bray*, 546 F.2d at 857, but so too are conclusory allegations of bias based on nothing more than speculation and opinion or belief, *see United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) ("Conclusions, rumors, beliefs and opinions are not sufficient to form a basis for disqualification."); *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988) ("The affidavit is insufficient if it merely states conclusions, rumors, beliefs and opinions.").

Neither affidavit was sufficient to trigger recusal under § 144. Because the district judge did not err in handling the recusal motions, the argument that he lacked authority to decide any subsequent issues also fails.

**2**

West-Helmle further argues that in denying his recusal motions and proceeding with the case, the district judge violated his due process right to be heard by an unbiased judge. *See, e.g.*, *Withrow v. Larkin*, 421 U.S. 35, 46 (1975) ("[A] fair trial in a fair tribunal is a basic requirement of due process." (internal quotation marks omitted)). As just stated, West-Helmle failed to establish any actual bias or prejudice sufficient to warrant recusal under § 144. Likewise, his allegations would be insufficient to require recusal under 28 U.S.C. § 455. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *United States v. Cooley*, 1 F.3d 985, 993-94 (10th Cir. 1993) (listing, among matters "which will not ordinarily satisfy the requirements for disqualification under § 455(a) . . . [r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" and "prior rulings in the proceeding, or another proceeding, solely because they were adverse"). In short, he fails to show any due process violation.[6]

---

[6] West-Helmle "attempt[s] to impugn (without basis) the integrity of the district judge." *Garrett*, 425 F.3d at 841. *See, e.g.,* Aplt. Amend. Op. Br. at 2 ("Judge Moore – *with purpose* – has either failed to read or misread Appellant[']s Motions, Responses, Replies, and Objections throughout the time of this case." (emphasis added)); *id.* at 15 ("This Judge takes pride in

\* \* \*

For these reasons, we affirm the judgment in No. 24-1340. We deny the request in DU, Moffat, and Freeman's response brief for sanctions under Fed. R. App. P. 38 because that rule requires "a separately filed motion."

## III

Appeal No. 25-1020 concerns the award of attorneys' fees to Russell.[7] "We review a district court's attorneys' fee award for abuse of discretion,

---

being the first Judge to tell a victim of stroke he did not explain his incompetency well enough. Judge Moore is terribly abusive here, he follows his own rules."); *id.* at 35 ("Judge Moore had no given right to 'go his own way' in spite of his lawful duties."); *see also* Aplt. Reply Br. at 2 ("Judge Moore is not an appropriate judge for this case. Judge Moore has acted terribly toward [West-Helmle] – outright unacceptable discrimination . . . . Judge Moore's behaviors became enhanced with retaliatory misconduct."). We admonish him that we "will not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents. Our pro se practice is a shield against the technical requirements of a past age; it is not a sword with which to insult a trial judge." *Garrett*, 425 F.3d at 841 (internal quotation marks omitted); *see also Koehl v. Bernstein*, 740 F.3d 860, 863 (2d Cir. 2014) ("[T]he right to accuse a judge of bias (or of misconduct) does not carry with it the right to abuse and insult.").

[7] In No. 25-1020, West-Helmle also challenges an award of costs to DU. But we have not found any final decision awarding costs to DU. After DU filed its proposed bill of costs, West-Helmle objected. The district court's docket does not reflect that the clerk ever resolved the objections or entered a Taxation of Costs. DU's proposed bill of costs (CM/ECF Doc. 387), which is the document that West-Helmle's notice of appeal identifies as the subject of the appeal, is not signed by the clerk and has a blank space for the amount of costs taxed. *See* R. X at 1795. And there is no indication that any party sought the district court's review of any Taxation of Costs. In the absence of a final decision regarding costs, we dismiss this portion of the appeal for lack of jurisdiction.

though in doing so we review the district court's application of legal principles de novo, and [its] findings of fact for clear error." *In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126, 1177 (10th Cir. 2023) (alterations and internal quotation marks omitted).

Russell sought attorneys' fees under Colo. Rev. Stat. § 13-17-201(1), which requires a fee award when a tort action is dismissed on a defendant's Rule 12(b) motion. Noting that there was no dispute that West-Helmle asserted against Russell a tort claim and that both of his claims against Russell were dismissed, the district court had "little trouble concluding that § 13-17-201 applies here." R. XI at 256. The court, however, determined that Russell's request – nearly $125,000 – was excessive. Half of the billing entries came after the court dismissed the claims against Russell, but there was "very limited explanation for why his attorneys' considerable involvement with the case as it moved forward was reasonably necessary." *Id.* at 257. Moreover, the district court considered that the claims against Russell were not particularly complex. It therefore awarded Russell half the amount requested, entering judgment for $62,430.

## A

Referring back to his arguments in No. 24-1340, West-Helmle first claims that the fee order is void because the order granting summary judgment to DU is void for violation of his right to due process. As discussed

24

in No. 24-1340, this argument rests on the premise that the district judge was biased against him. Having concluded in No. 24-1340 that West-Helmle suffered no due process violation, we reject the argument here as well.

## B

West-Helmle next argues that *Lewis v. City of Littleton*, 855 F. App'x 448 (10th Cir. 2021), precludes an award under § 13-17-201(1). In *Lewis*, a plaintiff asserted common-law and statutory claims against several defendants, including the City of Littleton. *Id.* at 450. The district court disposed of all the claims against the City before trial, dismissing some and granting summary judgment on others. *Id.* at 450, 454. The City sought fees under § 13-17-201(1). *Id.* at 453. The district court denied the request. *See id.* We affirmed, concluding the City was not entitled to fees because § 13-17-201(1) "appl[ies] only when an entire action is dismissed under Rule 12(b)," and "[t]he entire action against the City wasn't dismissed under Rule 12(b); the ADA and Rehabilitation-Act claims were dismissed on summary judgment." *Id.* at 454. West-Helmle asserts that the facts in *Lewis* are the same as the facts here.

West-Helmle is incorrect. The facts in *Lewis* are not the same as the facts here. In *Lewis*, we concluded that § 13-17-201(1) did not apply because the district court dismissed only some of the claims against the City; other claims against it moved beyond the dismissal stage. Here, West-Helmle

25

asserted two claims against Russell, and neither claim moved beyond the dismissal stage. Although claims against DU did proceed to summary judgment, Russell and DU were two separate defendants (notwithstanding West-Helmle's attempts to conflate them). The fact that claims against *DU* went to summary judgment does not affect *Russell*'s entitlement to fees under § 13-17-201(1). *See Colo. Spec. Dists. Prop. & Liab. Pool v. Lyons*, 277 P.3d 874, 884 (Colo. App. 2012) ("[T]he statute may apply to one defendant even though claims are still pending as to other defendants at the time of dismissal."); *see also Schultz v. Laszlo & Assocs., LLC*, 568 P.3d 458, 466 (Colo. App. 2025) (recognizing this principle from *Lyons*).

* * *

For these reasons, we affirm the district court's award of attorneys' fees to Russell in No. 25-1020.

**IV**

We affirm the judgments in Nos. 24-1340 and 25-1020, except that we dismiss for lack of jurisdiction that portion of No. 25-1020 challenging costs in favor of DU. In No. 24-1340, we deny the motion by DU, Moffat, and Freeman to strike the opening brief and their request in their response brief for Rule 38 sanctions, and we grant West-Helmle's request to file, as an amended opening brief, the 13-point brief attached to his response to the

26

motion to strike.[8]  We therefore direct the Clerk to file the amended opening brief in No. 24-1340.

Entered for the Court

Richard E.N. Federico
Circuit Judge

---

[8] As stated, however, we address only the arguments in the permitted 35 pages.